## United Retail Grocers' Association v. Harrison's Sons, Inc.

*John H. Hibbard*, for plaintiff.

*Schiffman & Gill*, for defendant.

VALENTINE, P. J., November 27, 1953.—On September 24, 1953, this court, Aponick, J., entered the following order.

"That defendant, Samuel Harrison's Sons, Inc., is hereby enjoined from advertising, offering to sell or selling any merchandise at less than cost as provided by the provisions of the 'Unfair Sales Act' of August 11, 1941, P. L. 900, and from violating any of the terms of said act."

On November 12, 1953, defendant caused an advertisement to appear in the Wilkes-Barre Times Leader-Evening News, offering "5 lbs. of sugar free with the

purchase of $7.99 or more." On the same date, defendant sold to Roland Davis merchandise in the amount of $8.20, and presented to him, at no extra cost, five pounds of sugar.

We now have before us plaintiff's application to adjudge defendant in contempt of court for violation of Judge Aponick's order of September 24, 1953.

The question for determination is whether the acts of defendant are violative of section 3 of the Unfair Sales Act, supra, which provides:

"It is hereby declared that advertisement, offer to sell or sale of any merchandise, either by retailers or wholesalers, at less than cost as defined in this Act with the intent of unfairly diverting trade from or otherwise injuring a competitor or with the result of deceiving any purchaser or prospective purchaser, substantially lessening competition, unreasonably restraining trade or tending to create a monopoly in any line of commerce is an unfair method of competition contrary to public policy and in contravention of the policy of this Act."

Counsel for plaintiff contends that the amount paid by Mr. Davis to defendant was a "combined price" which included not only the "*sale*" of the articles selected by him, but the sugar also.

The position of defendant is that free bonus gifts of merchandise, made in order to attract trade, are not violative of the act.

The act prohibits the "advertisement, *offer* to *sell* or *sale* of any merchandise," "at less than cost" with the intent of unfairly diverting trade," etc.

Free bonus gifts of merchandise in order to stimulate business are not prohibited. We are unable to conclude that such practice is a palpable subterfuge to circumvent the law. "Sale" does not include "gift". The gift of sugar upon condition that goods of the value of a designated amount are purchased, does not constitute a "sale" of the sugar. It would be a strained construc-

tion of the act to hold that the gift of the sugar, made upon condition that goods of a designated value were purchased, constituted a violation of the act upon the theory that the "gift" became a "sale".

This becomes more apparent when we consider that section 4 of the act makes the violation of its provisions a misdemeanor, and that in determining whether a course of conduct is unlawful the act is to be given a reasonably strict construction.

Had the legislature intended to prohibit the giving away of free articles in connection with the purchase of goods of a designated amount, it would have so provided. What the act, by its express terms prohibits, is "advertisement, offer to sell or sale of any merchandise . . . at less than cost," and nothing else. The traditional and normal methods of private competition are not to be interfered with by reading into the act something which it does not contain. We conclude that it should be construed as written.

Therefore, the rule of November 16, 1953, is discharged.